DISSENTS, SAYING:
I respectfully dissent. The trial court concluded that Appellant demonstrated a lack of commitment toward Windell pursuant to R.C. 2151.414(E)(4), Appellant has not seen Windell in four years, and has not provided any financial support other than one support payment that was the result of a garnishment. The majority concludes that Appellant was not given adequate time to develop a relationship with Windell since he only learned he was Windell's father two weeks before the permanent custody hearing. The record does not support this conclusion. Appellant acknowledged paternity of Windell while he was still in prison and was represented by counsel at hearings in 1997.
The paramount focus in a permanent custody case is always the best interests of the child. The Guardian ad litem stated Windell and his siblings are in need of stability. Windell's interests are not served by granting Appellant a six-month continuance to prove his commitment to Windell when he has not demonstrated that commitment in six years. As such I feel the trial court did not abuse its discretion in failing to grant a six-month extension and the grant of permanent custody to Children Services Board should be affirmed.